ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF TEXAS**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2022 NOV -2 AM 11:01
DEPUTY CLERK mb

Joe Hunsinger
Plaintiff Pro-Se'

Case No: 3-22CV2444-M

V.
DOE CORPORATION UTILIZING
TELEPHONE NUMBERS 214-469-9158,
954-852-3701, 602-760-5175,
and OTHERS
Defendants

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1) and Fed. R. Civ. P. 45, Plaintiff respectfully requests that the Court grant Plaintiff leave to serve discovery (in the form of subpoenas) prior to a Rule 26(f) conference to obtain the identity of the Doe Defendant. This information is necessary to substitute into this case the real name of the party in interest and effect service.

## BACKGROUND

Plaintiff filed a complaint against Doe Defendant for unwanted, persistent, prerecorded spam telephone calls. Unfortunately, like many spammers that know they are violating the TCPA, Defendant takes pains to hide its identity, using burner telephone numbers and, when reached, not providing any identifying information. Plaintiff has independently been able to determine that those numbers are or were owned by either Magic Jack, Inteliquent, and AT&T. Both Magic Jack and Inteliquent provide the telephone numbers to third party platforms (such as Google Voice) to provide to their customers for use.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) requires a court order before a party may serve any discovery requests in advance of a Rule 26(f) conference. In ruling on a Motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances" Better Packages, Inc. v. Zheng, Case No. 05-4477, 2006 U.S. Dist. LEXIS 30119, *10-11 (D.N.J. May 17, 2006). "Good cause is found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." Leone v. Towanda Borough, Case No. 12-cv-0429, 2012 U.S. Dist. LEXIS 47594, *5 (M.D. Pa. Apr. 4, 2012).

## DISCUSSION

Good cause is present here. There can be no "justice" in this matter if the Doe Defendant is not identified. Plaintiff cannot even guess at the identity of the Defendant at this time and cannot possibly effect service without Defendant's identity. In addition, Plaintiff's proposed discovery is limited to issuing subpoenas to third-parties, specifically Magic Jack, Inteliquent, and AT&T to identify the third-party platforms to which they leased or sold the telephone numbers at issue, the third-party platforms themselves for the identity of the subscriber On the other hand, there is little prejudice to Doe Defendant by allowing this early discovery. It costs Defendant nothing, as it will be directed entirely to third parties, and Defendant has no legal interest in hiding its identity to avoid legal liability. Therefore, the need for this discovery outweighs any prejudice to Doe Defendant, and the interests of justice call for Plaintiff to be able to issue these subpoenas now.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court allow Plaintiff to serve the aforementioned subpoenas to identify Doe Defendant. Should additional subpoenas be necessary beyond those identified herein, Plaintiff will file a renewed request.

Joe Hunsinger – Pro se
7216 CF Hawn Frwy.
Dallas, Texas 75217
214-682-7677
joe75217@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF TEXAS**

Joe Hunsinger
Plaintiff Pro-Se'

Case No:

V.
DOE CORPORATION UTILIZING
TELEPHONE NUMBERS 214-469-9158,
954-852-3701, 602-760-5175,
and OTHERS
Defendants

3-22CV2444-MM

THIS MATTER having been opened to the Court by Plaintiff on Plaintiff's Motion for Leave to Serve Discovery Prior to Rule 26(f) Conference; the Court having reviewed the motion and any opposition and reply papers in connection with the motion pursuant Fed. R. Civ. P. 78; and for good cause shown,

IT IS on this ___ day of _______

**ORDERED** that Plaintiff's Motion is **GRANTED**. Plaintiff may issue subpoenas to Magic Jack, Inteliquent, and AT&T as well as any third-parties identified as a result of those subpoenas and which are reasonably calculated to lead to the identity of Doe Corporation.

_______________________________
United States District Judge