IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:22-CV-2444-M-BH |
| | § | |
| DOE CORPORATION UTLIZING | § | |
| TELEPHONE NUMBERS 214-469-9158, | § | |
| 954-852-3701, 602-760-5175 and | § | |
| OTHERS, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *Plaintiff's Memorandum in Support of Motion for Leave to Serve Discovery Prior to Rule 26(f) Conference*, filed November 2, 2022 (doc. 4). Based on the relevant filings and applicable law, the motion is **GRANTED**.

**I.  BACKGROUND**

On November 2, 2022, the *pro se* plaintiff filed this action under the Telephone Consumer Protection Act (TCPA) against an unidentified defendant that he contends has made prerecorded telemarketing calls using to his telephone, which is registered on the national do not call registry, without his consent. (*See* doc. 3.) He claims that the unidentified defendant has taken pains to hide its identity by using several "limited-time telephone numbers that appear to remain active for no more than 24 hours after a call was placed", so that even if he is able to call back before the numbers are deactivated, he will not be connected with a live person or have a means of opting out. (*See id.*) He seeks leave to conduct discovery prior to a conference under Rule 26(f) of the Federal Rules of Civil Procedure that he contends will enable him to identify the defendant. (*See* doc. 4.) In particular, he seeks to serve subpoenas on three third parties that owned the specific numbers so

---

[1]By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

that he may identify the third party platforms to which those numbers were leased or sold, and to serve subpoenas on those third party platforms to determine the identify of the subscriber of those telephone numbers. (*See id.*)

## II. EXPEDITED DISCOVERY

Rule 26(d)(1) provides that a party may not seek discovery from any source prior to the parties' Rule 26(f) planning conference except when authorized by the rules, by agreement of the parties, or by court order. Fed. R. Civ. P. 26(d)(1). The Fifth Circuit has not adopted a standard for determining whether expedited discovery is warranted, but district courts within the circuit have applied the "good cause" standard. *See Elargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016); *see also Mary Kay Inc. v. Beyou-Cosmetics storefront on www.eBay.com*, No. 3:21-cv-1074-B, 2021 WL 2315097, at *1–2 (N.D.Tex. June 7, 2021) (noting that majority of courts in this circuit have applied the "good cause" standard) (citing *Elargo*, 318 F.R.D. at 61); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D.Tex. 2004) (a party seeking discovery prior to the parties' Rule 26(f) conference has the burden of showing good cause) (citing 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2046.1 (2d ed. 1998)).[2] Under the good cause standard, as applied in this circuit, courts consider five factors: "'(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Pizza Hut LLC v. Pandya*, No. 4:19-CV-00726-RWS, 2019 WL 8331437,

---

[2]This approach has also been called the reasonableness test and has been applied by courts to determine whether expedited discovery is appropriate. *See Grimes v. Avis Budget Group, Inc.*, No. 3:20-CV-486-M, 2020 WL 3510727, at *1 (N.D. Tex. June 28, 2020) (citing *Warren v. Bank of America, NA*, No. 3:13-CV-1135-M, 2013 WL 12221859, *1 n.2 (N.D. Tex. Dec. 13, 2013) (in turn citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y.2005); *Qwest Communic'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419-20 (D.Colo.2003); and *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002))).

at *1 (E.D.Tex. Nov. 26, 2019) (quoting *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 WL 3382806, at *1 (E.D. Tex. July 21, 2017) (collecting cases); *see also Warren v. Bank of America, NA,* No. 3:13-CV-1135-M, 2013 WL 12221859, *1 n.2 (N.D. Tex. Dec. 13, 2013) (citing *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142 (D.D.C. 2005) (listing same five factors)).[3] The burden of showing good cause is on the party seeking expedited discovery. *El Pollo Loco*, 344 F.Supp.2d at 991.[4]

Courts have found good cause for allowing limited expedited pre-service discovery to identify an unknown defendant. *See Mary Kay Inc.*, 2021 WL 2315097, at *2 (finding that the plaintiff had shown good cause to serve limited expedited discovery that was narrow in scope solely for the purpose of identifying John Doe defendants where substantial attempts to identify them without expedited discovery had been unsuccessful); *Priority Records, LLC v. Doe*, No. A-07-CA-799 LY, 2007 WL 9710299, at *2 (W.D. Tex. Oct. 3, 2007)(finding good cause for expedited discovery where the plaintiffs had no means of identifying the defendants without discovery on the third party internet service provider which owned the internet addresses used to download copyrighted music); *In re Cases Filed by Recording Companies*, No. 1:08-cv-00158-LY, 2008 WL 11411125, at *1–2 (W.D. Tex. Mar. 14, 2008) (same); *In re Cases Filed by Recording Companies*, No. 1:07-cv-00358-LY, 2007 WL 9710246, at *1–2 (W.D. Tex. Sept. 5, 2007) (same).

---

[3] "[O]ther courts "'balanc[e] the need for expedited discovery, in the administration of justice, against the prejudice to the responding party, and consider[] the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances.'" *See Grimes*, 2020 WL 3510727, at *1 (quoting *Warren,* 2013 WL 12221859, *1 (in turn quoting *Wachovia Securities, L.L.C. v. Stanton*, 571 F.Supp.2d 1014, 1050 (N.D. Iowa 2008))).

[4] "'*[E]x parte* motions [for expedited discovery] are rarely justified.'" *See Paterson Enter. Ltd v. Whitmore Mfg Co.*, No. 3:11-CV-974-L (BH), 2011 WL 13233312, at *1–2 (N.D.Tex. May 12, 2011) (quoting *Yokohama Tire Corp. v. Dealers Tire Supply*, 202 F.R.D. 612, 613 (D. Az. 2001) (denying motion for expedited discovery solely because defendant had not been served with motion and given opportunity to be heard)). "Adverse parties are presumptively entitled to notice and an opportunity for hearing." *Id.* (citing *Schnee-Morehead, Inc. v. Parr Tech., LLC*, No. 3:07-CV-1809-M, 2007 WL 3228048 (N.D. Tex. Oct. 31, 2007) (in turn citing *Yokohama*)).

Here, the plaintiff explained contends that the defendant has taken pains to hide its identity by using "burner telephone numbers" that remain active for only 24 hours to place prerecorded telemarketing calls to his telephone without his consent in violation of the TCPA, and by not providing identifying information during successful return calls.  He seeks leave to conduct limited discovery on three third parties that own or owned the numbers from which the calls were made to determine the entity or individual to whom those numbers were sold or leased.  Based on the various factors cited above, the plaintiff has met his burden to show good cause for limited expedited discovery at this stage of the proceedings that is narrow in scope for the sole purpose of identifying the defendant he contends is liable for violations of the TCPA.

### III.  CONCLUSION

The motion for expedited discovery is **GRANTED**, and the plaintiff may proceed only with the limited discovery requested in his motion, i.e., service of subpoenas on the three third parties whom he contends own or owned the three telephone numbers identified in the style of the case, and on any third party platforms to whom those three third parties sold or leased those three telephone numbers.

**SO ORDERED this 4th day of November, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE